PER CURIAM.
The trial court summarily denied the appellant’s motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850 in a written order declaring that the allegations in the motion either were legally insufficient or (in one instance) conclusively refuted by the record. With one exception, we disagree.
The appellant’s motion is a wide-ranging set of allegations describing specific instances of ineffective assistance of trial counsel. The trial court was correct in declaring that allegations in the motion that the trial court erred in not giving the proper amended version of an instruction on “principal” describe a matter cognizable only on direct appeal and not a proper ground for postcon-viction relief under rule 3.850. Nonetheless, the appellant alleges ineffective assistance of his trial counsel in failing to object to the improper instruction.
The trial court directed the state to file a response to the appellant’s rule 3.850 motion. The state did so by a written response suggesting that the trial court hold an evidentiary hearing. The trial court chose to rule based on the files and records in the case, but attached only one portion of the record, a copy of the sentencing guidelines scoresheet. The trial court’s order declares that the appellant’s complaints regarding the scoresheet are refuted by the face of the scoresheet. On the contrary, the appellant alleges that facts relating to proper scoring were overlooked by defense counsel and that defense counsel rendered ineffective assistance by not making sure that the scoresheet was correct.
Accordingly, we reverse the order of denial except as to the one matter mentioned above, and remand for further proceedings. If the trial court again denies the motion, it must attach those portions of the record that refute the appellant’s allegations; alternatively, the trial court shall conduct an evidentiary hearing on these matters.
Affirmed in part and reversed in part.
FRANK, C.J., and RYDER and DANAHY, JJ., concur.